UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LYNDON B. JOHNSON                                         CIVIL ACTION

VERSUS                                                         NO. 16-15330

SANDI McCAIN, WARDEN                                    SECTION "R" (3)


# ORDER AND REASONS

The Court has reviewed *de novo* the petition for *habeas corpus*,[1] the record, the applicable law, the Magistrate Judge's Report and Recommendation,[2] and the petitioner's objection to the Magistrate Judge's Report and Recommendation.[3] The Magistrate Judge's recommended ruling is correct and there is no merit to petitioner's objection. Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation as its opinion herein.

Petitioner's objection is untimely[4] and contains allegations and details that were not raised before the Magistrate Judge when he made his Report

---

[1]  R. Doc. 1.
[2]  R. Doc. 8.
[3]  R. Doc. 9.
[4]  A party has 14 days to object to a magistrate judge's report and recommendation after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). The Magistrate Judge's Report and

and Recommendation. Facts and issues raised for the first time in a prisoner's objections to a Magistrate Judge's Report and Recommendation are not properly before the district court. *Flores v. Scott*, 58 F.3d 637, 1995 WL 371237, at *2 (5th Cir. June 9, 1995); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Even if the Court were to consider the information in petitioner's objection, nothing contained therein alters the Magistrate Judge's correct conclusion that petitioner learned of the factual predicate of his claim on May 1, 2011, and therefore his claim is untimely.[5] Accordingly, Johnson's petition must be dismissed.

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In

---

Recommendation is dated June 26, 2017, and Johnson's objection was not filed until July 17, 2017.

[5] R. Doc. 8 at 5-6.

*Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Id.* at 336. Petitioner has failed to meet these standards.

IT IS ORDERED that Johnson's petition for *habeas corpus* is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __1st__ day of August, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE